UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

DMITRY MADORSKY,

                        PLAINTIFF,

            -AGAINST-

NEW YORK CITY, THE SEA GATE ASSOCIATION,
SERGEANT JOE PASCONE and POLICE OFFICER
DANIEL PAZ, individually, and in their capacity as
members of the Sea Gate Police Department,

                        DEFENDANTS.

------------------------------------------------------------------------ x



COMPLAINT

ECF CASE

CV 15-1690

MATSUMOTO, J.

LEVY, M.J.

**PRELIMINARY STATEMENT**

1. This is a civil action in which plaintiff, Mr. Dmitry Madorsky ("Mr. Madorsky"), seeks relief for the violation of his rights secured by 42 USC 1983, the Fourth and Fourteenth Amendments to the United States Constitution.

2. The claims arise from an incident on or about May 14, 2014, in which police officers of the New York City Sea Gate Police Department ("SGPD"), acting under color of state law, intentionally and willfully subjected Mr. Madorsky to *inter alia* false arrest and malicious prosecution.

3. Plaintiff seeks monetary damages (special, compensatory and punitive) against defendants and an award of costs and attorneys' fees, and such other and further relief as the Court deems just and proper.

## JURISDICTION

4. This action is brought pursuant to 28 USC 1331, 42 USC 1983, and the Fourth and Fourteenth Amendments to the United States Constitution.

5. Venue is laid within the United States District Court for the Eastern District of New York in that the events giving rise to the claim occurred within the boundaries of the Eastern District of New York.

## PARTIES

6. Plaintiff, Mr. Madorsky, is a United States citizen and at all times here relevant resided at 4620 Beach 46th Street, Sea Gate, Brooklyn, NY 11224.

7. New York City is a municipal corporation organized under the laws of the State of New York.

8. The Sea Gate Association is a not-for-profit corporation registered in the State of New York.

9. Sergeant Joe Pascone ("Sgt. Pascone") and Police Officer Daniel Paz ("PO Paz") at all times here relevant were members of the SGPD, and are sued in their individual and professional capacities.

10. At all times mentioned, defendants were acting under color of state law, under color of the statues, ordinances, regulations, policies, and customs and usages of the City of New York.

## FACTUAL ALLEGATIONS

11. Mr. Madorsky is 27 years old and works at Home Depot.

12. Mr. Madorsky has a degree in Criminal Justice from John Jay College.

13. On or about May 14, 2014, at approximately 6:00 p.m. Mr. Madorsky was walking in an easterly direction on the south sidewalk on Seagate Avenue.
14. Sgt. Pascone drove past Mr. Madorsky in an unmarked car.
15. Sgt. Pascone turned and drove past Mr. Madorsky twice more.
16. Mr. Madorsky continued to walk along the sidewalk.
17. Sgt. Pascone pulled his car up beside Mr. Madorsky and called over Mr. Madorsky.
18. Sgt. Pascone asked Mr. Madorsky for identification.
19. Mr. Madorsky explained to Sgt. Pascone that he did not have identification with him.
20. Sgt. Pascone proceeded to search Mr. Madorsky.
21. Sgt. Pascone told Mr. Madorsky that he was going to take Mr. Madorsky to the precinct because he did not have identification.
22. PO Paz then arrived on the scene in a marked police car.
23. PO Paz confirmed to Sgt. Pascone that Mr. Madorsky resides within Sea Gate.
24. Sgt. Pascone told PO Paz to handcuff Mr. Madorsky.
25. Mr. Madorsky was handcuffed behind his back and put into the back of the police car.
26. Mr. Madorsky was taken to the SGPD precinct and held for several hours.
27. PO Paz gave Mr. Madorsky a summons for J-Walking and released Mr. Madorsky.
28. The summons was issued from the NYPD 60th Precinct.
29. On or about August 7, 2014, Mr. Madorsky attended Criminal Court at 120 Schermerhorn Street and the charges were dismissed.
30. Mr. Madorsky continues to feel traumatized by the events of May 2014, and is wary and fearful when he sees police officers.

31. Mr. Madorsky has suffered following the incident and continues to feel fear, embarrassment, humiliation, emotional distress, frustration and anxiety.

## FIRST CAUSE OF ACTION

(42 USC 1983 – False Arrest)

32. Plaintiff repeats and realleges each of the preceding allegations of this Complaint as if fully set forth herein.

33. Defendants have deprived plaintiff of his civil, constitutional and statutory rights under color of law and are liable to plaintiff under 42 USC 1983.

34. Defendants have deprived plaintiff of his right to be free of unreasonable searches and seizures, pursuant to the Fourth and Fourteenth Amendments to the United States Constitution, in that plaintiff was falsely arrested by defendants.

35. Defendants confined plaintiff.

36. Plaintiff was aware of, and did not consent to, his confinement.

37. The confinement was not privileged.

38. Plaintiff has been damaged a result of defendants' actions in an amount believed to equal or exceed the jurisdictional limit of this Court.

## SECOND CAUSE OF ACTION

(42 USC 1983 – Malicious Prosecution)

39. Plaintiff repeats and realleges each of the preceding allegations of this Complaint as if fully set forth herein.

40. Defendants have deprived plaintiff of his civil, constitutional and statutory rights under color of law and are liable to plaintiff under 42 USC 1983.

41. Defendants have deprived plaintiff of his right to be free of unreasonable searches and seizures, pursuant to the Fourth and Fourteenth Amendments to the United States Constitution, in that plaintiff was maliciously prosecuted by defendants.

42. The malicious prosecution was initiated by defendants without legal justification and without probable cause, in that defendants caused the commencement and continuation of criminal proceedings against plaintiff, the proceedings terminated in favor of plaintiff, and in that the action was commenced and continued intentionally and with malice and deliberate indifference to plaintiff's rights.

43. Plaintiff has been damaged a result of defendants' actions in an amount believed to equal or exceed the jurisdictional limit of this Court.

### THIRD CAUSE OF ACTION

(42 USC 1983 – Improper Search and Seizure)

44. Plaintiff repeats and realleges each of the preceding allegations of this Complaint as if fully set forth herein.

45. Defendants have deprived plaintiff of his right to be free of unreasonable searches and seizures, pursuant to the Fourth and Fourteenth Amendments to the United States Constitution, in that plaintiff was subjected to an improper by defendants without a valid warrant, without consent, without probable cause and without privilege.

46. Plaintiffs has been damaged a result of defendants' actions in an amount believed to equal or exceed the jurisdictional limit of this court.

## FOURTH CAUSE OF ACTION

(42 USC 1983 –Denial of Right to a Fair Trial)

47. Plaintiff repeats and realleges each of the preceding allegations of this Complaint as if fully set forth herein.

48. Defendants have deprived plaintiff of his civil, constitutional and statutory rights under color of law and are liable to plaintiff under 42 USC 1983.

49. Defendants have deprived plaintiff of his right to a fair trial, pursuant to the Fifth and Sixth Amendments to the United States Constitution.

50. Defendants created false information likely to influence a jury's decision and then forwarded that information to prosecutors, resulting in plaintiff suffering a deprivation of liberty and a violation of his rights.

51. Plaintiff has been damaged as a result of defendants' actions in an amount believed to equal or exceed the jurisdictional limit of this Court.

## JURY DEMAND

52. Plaintiff demands a trial by jury.

WHEREFORE, plaintiff respectfully requests that the court enter a Judgment against defendants together with costs and disbursements as follows:

> In favor of plaintiff in an amount to be determined by a jury, but at least equal or exceeding the jurisdictional limit of this Court for each of plaintiff's causes of action;

> Awarding plaintiff punitive damages in an amount to be determined by a jury;

Awarding plaintiff reasonable attorneys' fees, costs and disbursements of this action;

And such other and further relief as the Court deems just and proper.

Dated: New York, New York
March 25, 2015

By: *[signature]*

Duncan Peterson (DP 7367)
PetersonDelleCave LLP
Attorney for Plaintiff
233 Broadway, Suite 1800
New York, NY 10279
(212) 240-9075